# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

RICHARD BLAISDELL,

Plaintiff,

v.

RICHARD TANNER, M.D.,

Defendant.

Civil No. 00-1318 (JRT/JGL)

**ORDER**

Richard Blaisdell, #A0200813, Florence Correctional Facility, Box 6900, Florence, AZ, 85232, *pro se.*

Bruce P. Candlin, CANDLIN & HECK, Suite 1500, 3800 West 80th Street, Bloomington, MN, 55431, for defendant.

Plaintiff brings this action *pro se* against defendant Dr. Richard Tanner, alleging a violation of plaintiff's civil rights under 42 U.S.C. § 1983 while plaintiff was a prisoner at the Prairie Correctional Facility ("PCF") in Appleton, Minnesota. Specifically, plaintiff alleges that defendant violated his constitutional rights under the Eighth Amendment by deliberately disregarding plaintiff's medical needs. Plaintiff has sued defendant in both his official and individual capacities.

On June 30, 2000, approximately a month after filing his complaint, plaintiff brought a motion for a temporary restraining order and/or preliminary injunction,

FILED MAR 3 0 2001
FRANCIS E. DOSAL, CLERK
JUDGMENT ENTD.
DEPUTY CLERK

requesting that the Court order plaintiff's receipt of the prison's non-formulary prescribed medication ANSAID. In a Report and Recommendation dated January 31, 2001, United States Magistrate Judge Jonathan G. Lebedoff recommended that plaintiff's motion be granted.

This matter is now before the Court on defendant's objections to the Report and Recommendation. The Court has reviewed the Report and Recommendation *de novo* pursuant to 28 U.S.C. § 636(b)(1)(C) and D. Minn. LR 72.1(c). For the reasons set forth below, the Court finds that plaintiff's motion is moot in light of events which have transpired since plaintiff filed his original motion.

## BACKGROUND

Plaintiff was originally incarcerated in Hawaii on August 30, 1990. In July 1998, plaintiff was moved to a facility in Tennessee, where he remained until December 1998. While incarcerated in Hawaii and Tennessee, plaintiff received the drug ANSAID, a brand name for the generic drug flurbiprofen, to help treat plaintiff's osteoarthritis in both knee joints. The ANSAID effectively alleviated plaintiff's symptoms during that time.

In January 1999, plaintiff was transferred to the Prairie Correctional Facility ("PCF") in Appleton, Minnesota. Upon arrival at PCF, plaintiff's requests to continue receiving ANSAID were denied and plaintiff was prescribed Naprosyn instead. Defendant, who was in charge of overseeing the medication formulary distributed to inmates at PCF, claims the decision was made because ANSAID is not on the formulary list at PCF. According to defendant, the only important difference between the two drugs is that Naprosyn has a longer proven safety record than ANSAID.

Plaintiff did not believe that Naprosyn alleviated his symptoms. While not receiving ANSAID, plaintiff complained of constant pain and stiffness, difficulty walking short distances without extreme pain and discomfort, and of the inability to go to recreation and exercise. Plaintiff pursued all available administrative grievance procedures in attempting to have the prescription filled.

Defendant departed from PCF in April 2000. The PCF's medical unit attempted again to have plaintiff's prescription filled, but those requests were denied. On June 30, 2000, shortly after filing his § 1983 action for civil rights violations against defendant, plaintiff filed the current motion for a temporary restraining order and/or preliminary injunction permitting plaintiff to receive the non-formulary medication. In the fall of 2000,[1] the new doctor overseeing the prison formulary approved the ANSAID prescription through March 19, 2001.

On January 31, 2001, the Magistrate Judge issued his report, recommending that the Court grant plaintiff's motion for a preliminary injunction. Shortly thereafter, defendant filed objections to the Report and Recommendation in which he claims that plaintiff's motion for temporary relief and/or a preliminary injunction is moot both because defendant is no longer employed at PCF and because plaintiff is currently receiving the medication he requested. Defendant also objects on notice grounds, claiming that, although he was served with plaintiff's complaint, he did not receive notice of plaintiff's separate motion for injunctive relief.

---

[1] The parties dispute when plaintiff actually began receiving ANSAID at PCF. Defendant claims it was in August 2000 while plaintiff says he did not receive the medication until October 2000.

It has also come to the Court's attention that plaintiff was recently transferred to a different prison facility. According to the docket, plaintiff was transferred on March 2, 2001, to the Florence Correctional Facility ("FCF") in Florence, Arizona. Plaintiff did not respond to defendant's objections to the Report and Recommendation.

## DISCUSSION

### A. Mootness Due to Transfer

Plaintiff's motion for injunctive relief appears to be moot for reasons other than those claimed by defendant. Although the Court is inclined to reject both of defendant's mootness arguments,[2] the Court is unable to grant plaintiff's motion in light of his transfer from PCF to FCF earlier this month. The Eighth Circuit has consistently held

---

[2] Defendant first argues that plaintiff's motion is moot because defendant is no longer employed at PCF. The record indicates that defendant left PCF in April, 2000. However, the Federal Rules of Civil Procedure allow for automatic substitution of the named-party's successor. Fed. R. Civ. P. 25(d) ("[w]hen a public officer is a party to an action in an official capacity and during its pendency . . . ceases to hold office, the action does not abate and the officer's successor is automatically substituted as a party"). An injunction against a successor may issue where there is some indication that defendant's successor intends to continue the policy to which plaintiff objects in his complaint. *See Tara Enterprises, Inc. v. Humble*, 622 F.2d 400, 401-02 (8th Cir. 1980) (requiring some indication that the successor official intends to continue the unconstitutional practices alleged in the complaint). Here, there was at least a three-month period after defendant's departure from PCS in which plaintiff was still denied ANSAID. *See DiGidio v. Pung*, 704 F. Supp. 922, 954 (D. Minn. 1989) ("Past conduct is relevant to the extent that it shows a likelihood of future constitutional violations.").

Defendant's second mootness argument is that the alleged misconduct has stopped because plaintiff is now receiving ANSAID. This argument is susceptible to the "capable of repetition yet evading review" exception to the mootness doctrine. *See e.g. Hickman v. Missouri*, 144 F.3d 1141, 1143 (8th Cir. 1998). Although the Eighth Circuit has expressed some doubt as to the application of this exception in the prisoner transfer context, *see Randolph v. Rodgers*, 170 F.3d 850, 856 n.7 (8th Cir. 1999), the Court notes that the exception might have been appropriate in this context. Plaintiff's medication had been approved by PCF officials only through March 19, 2001, thus creating the potential for the challenged behavior to recur. The Court, however, need not fully resolve this issue because it finds that plaintiff's motion is moot due to the transfer.

that a prisoner's transfer to a different facility in which the alleged unlawful conduct no longer exists renders that prisoner's request for injunctive relief moot. *See Martin v. Sargent.* 780 F.2d 1334, 1336 (8th Cir. 1985); *Wycoff v. Brewer,* 572 F.2d 1260, 1262 (8th Cir. 1978); *Williams v. Moore,* No. 92-1318, 1992 WL 120398 at *1 (8th Cir. June 5, 1992) (unpublished opinion).

In *Martin,* the court dismissed plaintiff's claim for injunctive relief to improve prison conditions at the Cummins Unit because of plaintiff's transfer to the Wrightsville Unit. *Id.* at 1337. Likewise, in *Williams,* a similar case to the case at bar, the court denied plaintiff's motion for injunctive relief requiring prison officials at the Algoa Correctional Center to take certain actions to control an outbreak of tuberculosis and provide adequate medical care as moot in light of the plaintiff's transfer to another prison facility. *See id.* at *1; *see also Wycoff,* 572 F.2d at 1262 (prisoner's transfer to Missouri State Penitentiary from Iowa State Penitentiary rendered moot plaintiff's claim for injunctive relief).

While there are circumstances in which a prisoner's transfer might not render moot a motion for injunctive relief, such circumstances do not appear to be present here. *Compare Randolph v. Rogers,* 170 F.3d 850, 856-57 (8th Cir. 1999) (plaintiff's motion for injunctive relief requesting a sign language interpreter was not rendered moot where plaintiff also sued the Missouri Department of Corrections and prisoner's transfer to another prison facility within Missouri was still under its control).

Thus, in light of these recent events and the absence of any information concerning plaintiff's current situation at FCF, the Court is hard-pressed to find a basis upon which to issue relief at this time. *See Spomer v. Littleton,* 414 U.S. 514, 522 (1973)

(declining to issue injunctive relief where facts unclear whether successor would continue alleged practice of racial discrimination of predecessor and concern that court would be ruling on a hypothetical or abstract dispute).[3] Plaintiff retains standing to bring his substantive claim under § 1983 against defendant for his alleged violations while employed at PCS. *See Martin,* 780 F.2d at 1337 (plaintiff retains standing to bring his claims for monetary damages); *Wycoff,* 572 F.2d at 1262.

**ORDER**

Based on the foregoing, and all the records, files and proceedings, the Court does not adopt the Magistrate Judge's Report and Recommendation [Docket No. 16] and **OVERRULES as** moot defendant's objections to the Magistrate Judge's Report and Recommendation [Docket No. 20] for the reasons set forth herein.

Accordingly, **IT IS HEREBY ORDERED** that plaintiff's motion for a temporary restraining order or preliminary injunction [Docket No. 4] is **DENIED as moot**.

DATED: March 30, 2001
at Minneapolis, Minnesota.

JOHN R. TUNHEIM
United States District Judge

[3] The Court's denial of plaintiff's motion for injunctive relief against defendant Tanner does not preclude plaintiff from bringing a motion for injunctive relief against FCF officials in the event he faces a situation similar to that experienced at PCF.