UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

**RICHARD BLAISDELL,**

Plaintiff,

v.

**RICHARD TANNER, M.D.**

Defendant.

Civil File No. 00-1318 (JRT/JGL)

**REPORT AND RECOMMENDATION**

---

APPEARANCES

Richard Blaisdell, pro se.

Mr. Bruce P. Candlin, Esq., Candlin & Heck, Suite 1500, 3800 West 80th Street, Bloomington, MN 55431, for Defendant Dr. Richard Tanner.

---

JONATHAN LEBEDOFF, United States Magistrate Judge

The above-entitled matter is before the undersigned Magistrate Judge of District Court on Plaintiff's Motion for Temporary Relief and/or Preliminary Injunction (Doc. No. 4). This matter is properly before the undersigned pursuant to 28 U.S.C. § 636 and D. Minn. LR 72.1. For the reasons set forth below, the Court recommends that the motion for temporary relief and injunction be granted.

## I. BACKGROUND

Plaintiff is currently incarcerated at the Minnesota Correctional Facility in Appleton, Minnesota. This action was commenced pro se by Plaintiff

FILED JAN 31 2001
FRANCIS E. DOSAL, CLERK
JUDGMENT ENTD
DEPUTY CLERK

pursuant to 42 U.S.C. § 1983 against Defendant, Dr. Richard Tanner, who oversees the medication formulary allowed for distribution to inmates within the Minnesota prison system. Defendant reviews and either grants or denies inmate requests for prescription medications. Defendant originally represented himself pro se, but has been represented by counsel since October 16, 2000. Plaintiff claims denial and violation of his constitutional rights under the Eighth Amendment of the United States Constitution. Plaintiff alleges Defendant's refusal to dispense a particular prescribed non-formulary medication for his osteoarthritis resulted in deliberate indifference causing a willful and wanton disregard of his medical condition. Plaintiff is not being denied medicine for his osteoarthritis, but Plaintiff claims the alternative medication he is receiving is ineffective. Plaintiff seeks a temporary restraining order and preliminary injunction allowing him to receive the prescribed medication "ANSAID."[1]

## II. ANALYSIS

Plaintiff seeks temporary injunctive relief ordering Defendant to dispense the prescribed medication ANSAID (flurbiprofen) to Plaintiff, as no other medication within the prison's formulary listing alleviates his symptoms. Defendant opposes all aspects of Plaintiff's motion.

---

[1] "ANSAID" is a brand name, while flurbiprofen is the generic name.

**A. Legal Standard**

An Eighth Amendment violation exists when prison staff is deliberately indifferent to an inmate's serious health-care needs. See Vaughan v. Lacey, 49 F.3d 1344, 1346 (8th Cir. 1995) (citing Smith v. Jenkins, 919 F.2d 90, 92 (8th Cir. 1990)). Deliberate indifference may include intentionally denying or delaying access to medical care, or intentionally interfering with treatment or medication that has been prescribed. See id. (citing Estelle v. Gamble, 429 U.S. 97, 104-05 (1976)).

In the context of an Eighth Amendment claim asserting inadequate medical assistance, a plaintiff must establish a successful claim of deliberate indifference to a serious medical need. See Estelle v. Gamble, 429 U.S. at 106. A plaintiff must meet both the objective and subjective components of a deliberate indifference claim. See Wilson v. Seiter, 501 U.S. 294, 298 (1991). Plaintiff's motion will be analyzed under this standard.

**B. Objective Component**

A prisoner claiming inadequate medical care meets the objective component when the prisoner proves that his medical need is serious. See Hudson v. McMillian, 503 U.S. 1, 9 (1992). Deprivation of serious medical needs is adverse to contemporary standards of decency. See id.

The Eighth Circuit in Johnson v. Busby, 953 F.2d 349, 351 (8th Cir. 1991), declared that a serious medical need is one that has been diagnosed by

a doctor as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity of a doctor's attention. See id. Not every refusal of medical treatment constitutes cruel and unusual punishment in breach of the Eighth Amendment. Medical need covers a vast spectrum from immediate intervention to save the patient's life to the desire for medical treatment of trivial discomforts that most people would ignore. See Ralston v. McGovern, 167 F.3d 1160, 1161-62 (7th Cir. 1999).

A determination about which need causes such a violation is a judgment "that does not lend itself to a mechanical resolution." Id. Rather, in the words of the Seventh Circuit, it is a matter of determining the civilized minimum of public concern for the health of prisoners, and depends on the particular circumstances of the individual prisoner. See id. Following the Seventh Circuit's reasoning, "a civilized minimum is a function of both objective need and of cost. The lower the cost, the less the need has to be shown, but the need must still be shown to be substantial." Id. (holding the refusal to treat, at trivial cost, the pain by cancer was "barbarous").

Plaintiff Blaisdell's pain may not be synonymous with the pain associated with cancer, but the pain experienced by Plaintiff due to his osteoarthritis contributes to his inability to exercise and further exacerbates his dire need to lose weight and reduce the strain placed on his knees. Plaintiff is not demanding a costly medication or an addictive drug. He is merely seeking the

dispensing of the pain medication ANSAID, which has been prescribed by four different doctors from as many different prison systems. (Compl. ¶¶ 5-7; Exs. A & B.) Plaintiff received ANSAID while incarcerated in Hawaii, Tennessee, and Kentucky. (Compl. ¶¶ 5, 6; Ex. C at Letter from Blaisdell to Sakai of 01/21/00 and Letter from Blaisdell to Office of The Ombudsmen of 12/04/99.) Even though ANSAID was not on the prison formulary in Tennessee, Plaintiff was granted his request to be prescribed ANSAID after establishing his compelling need. (Compl. at Ex. C at Letter from Blaisdell to Sakai of 01/21/00 and Letter from Blaisdell to Davidson of 10/20/99.)

Defendant confirmed from documents sent to him that Plaintiff's morbidly obese physical condition is a significant risk factor for the osteoarthritis in his knees. (Letter from Tanner to the Court of 9/07/2000.) Defendant suggested that Plaintiff needs to get down to an ideal body weight if his knees are to improve and that losing weight is the most important thing that Plaintiff can do for his osteoarthritis. (Id.) Defendant cites the dangers of Plaintiff's weight in relation to his arthritic condition but ignores Plaintiff's overall health concerns attributed to being grossly overweight.

Plaintiff has two conditions which appear to be interrelated, his obesity and his osteoarthritis; administration of ANSAID would assist him in managing both problems. ANSAID has worked in the past to lessen Plaintiff's pain associated with his osteoarthritis and allowed him greater mobility. As his

mobility decreases so does his ability to work at reducing his weight. The Court finds that Plaintiff has met the objective standard establishing that he has a serious medical need. See Hudson, 508 U.S. at 9.

**C. Subjective Component**

The subjective component of deliberate indifference looks to whether a prison official acted with the requisite intent to be considered as acting with a deliberate indifference to a prisoner's medical needs. See Johnson v. Busby, 953 F.3d at 351. Such culpability can be established by showing the prison official either deliberately deprived a prisoner of adequate medical care or acted recklessly in response to a serious medical need. See Brewer v. Blackwell, 836 F. Supp. 631, 639 (D. Iowa. 1993) (citing Martin v. White, 742 F.2d 469, 474 (8th Cir. 1984); Branchcomb v. Brewer, 669 F.2d 1297, 1298 (8th Cir. 1982); Miller v. Solem, 728 F.2d 1020, 1024 (8th Cir. 1984)); see also Estelle, 429 U.S. at 105-06.

While Defendant's deliberate indifference may be shown by his attitude and conduct in responding to a prisoner's serious medical need, Plaintiff is required to prove deliberate indifference either by actual intent or by reckless disregard. See Helling v. McKinney, 509 U.S. 25, 29-30 (1983); Estelle, 429 U.S. at 104-05; DeGidio v. Pung, 704 F. Supp. 922, 955 (D. Minn. 1989); Benson v. Cady, 761 F.2d 335, 339 (7th Cir. 1985).

Reckless disregard of a serious medical need occurs if the prison official disregards a substantial risk of danger that is known or would be apparent to a reasonable person in the prison official's position. See Buckner v. Hollins, 983 F.2d 119, 122 (8th Cir. 1993). Here, Defendant knew of the ongoing risk to Plaintiff, that the condition of his knees would continue to worsen if his weight remained unchanged. He knew that Plaintiff had tried numerous other drugs which the prison formulary allowed, and also knew none of the other medications gave Plaintiff the same relief as the ANSAID. (Compl. ¶¶ 13-16; Letter from Tanner to the Court of 9/07/2000.) Plaintiff exhausted all administrative remedies in his effort to obtain the prescribed medication.

Defendant contends that the drug Naprosyn® (Naproxen)[2] "should do fine" and continued to refuse to grant Plaintiff's request. (Compl. Ex. C at Formulary Exception Request submitted 7/27/99.) Plaintiff was informed that the dispute was merely a difference of medical opinion and didn't rise to the level of deliberate indifference. (Compl. Ex. C at Offender Grievance Form submitted 11/15/99.) Defendant contends that Plaintiff needs a non-steroidal anti-inflammatory drug (NSAID) for his osteoarthritis and that any formulary NSAID would do as well as ANSAID. (Letter from Tanner to the Court of 9/07/2000.)

---

[2]Naproxen is the generic form of Naprosyn®.

The decision appears to be academic on the surface, but Plaintiff has been seen by at least four different doctors who have each prescribed ANSAID for his condition. Defendant has never seen Plaintiff and contends that all NSAIDs are the same. If all medications were the same, it hardly seems likely that there would be so many variations available. Furthermore, Plaintiff avers that only ANSAID provides sufficient relief, and the Court finds Plaintiff credible. Defendant's disregard for the specific facts surrounding Plaintiff's condition results in an indifferent and deliberate disregard of Plaintiff's serious medical need, and Plaintiff's request to be prescribed ANSAID should therefore be granted.

Based upon the above, and upon all the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED** that Plaintiff's motion for a preliminary injunction permitting his receipt of the prison's non-formulary prescribed medication ANSAID (Doc. No. 4) be **GRANTED**.

Dated: January 31, 2001

JONATHAN LEBEDOFF
United States Magistrate Judge

Pursuant to D. Minn. LR 72.1(c)(2), any party may object to this Report and Recommendation by filing with the Clerk of Court and serving all parties by Feb. 16, 2001 with a copy, written objections which specifically identify the portions of the Report or Recommendation to which objection is being made, the basis for the objection(s), and a brief in support thereof.

A party may respond to the objecting party's brief within ten days after service thereof.

All briefs filed under this rule shall be limited to ten pages. A District Judge shall make a de novo determination of those portions to which objection is made.

Failure to comply with this procedure shall operate as a forfeiture of the objecting party's right to seek review in the United States Court of Appeals for the Eighth Circuit.