**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

---

**RICHARD BLAISDELL,**

Petitioner,

v.

**RICHARD TANNER, M.D.,**

Respondent.

---

Civil No. 00-1318 (JRT/JGL)

**O R D E R**

APPEARANCES

Richard Blaisdell, pro se.

Bruce P. Candlin, Esq., for Respondent.

---

JONATHAN LEBEDOFF, United States Magistrate Judge

The above-entitled matter is before the undersigned Magistrate Judge of District Court on Petitioner Richard Blaisdell's Motion for Appointment of Counsel. Petitioner Blaisdell asks this Court to appoint counsel pursuant to 28 U.S.C. § 1915 because he is unable to afford a lawyer, he is unfamiliar with some of the legal issues of his case, his law library is inadequate, and he has a high probability of winning his case. Petitioner has been granted permission to proceed in forma pauperis in this matter. The matter has been referred to the undersigned pursuant 28 U.S.C. § 636 and D. Minn. LR 72.1(c).

FILED JUL 2 3 2001
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD
DEPUTY CLERK

The Sixth Amendment right to counsel does not apply to habeas corpus proceedings. See Coleman v. Thompson, 501 U.S. 722, 725 (1991); Pennsylvania v. Finley, 481 U.S. 551, 555-56 (1987); Reese v. Delo, 94 F.3d 1177, 1182 (8th Cir. 1995). Habeas proceedings are civil in nature, and there is no right to appointed counsel in civil cases. See Hoggard v. Purkett, 29 F.3d 469, 471 (8th Cir. 1994) (citations omitted); Mosby v. Mabry, 697 F.2d 213, 214 (8th Cir. 1982) (holding that even indigent prisoners do not have a right to counsel in civil cases). Thus, the motion should be denied on this basis.

Notwithstanding § 1915, a court may appoint counsel for a habeas petitioner when "the interests of justice so require." 18 U.S.C. § 3006A(a)(2). In exercising this discretion, a court should consider the factual complexity of the case, the ability of Petitioner to represent his claims, the complexity of the legal issues, and whether both the Petitioner and the court would benefit from representation by counsel. See Johnson v. Williams, 788 F.2d 1319, 1322-23 (8th Cir. 1986).

In the present case, the Court finds that neither the facts nor the legal issues raised in this case are so complex as to warrant appointment of counsel. The Court further finds that Petitioner has the threshold ability to articulate his claims and to argue his positions and is therefore capable of self-representation. Moreover, the Court concludes that appointment of counsel

would not substantially benefit the Court or Petitioner. Accordingly, Petitioner Blaisdell's motion is denied on this basis as well.

Based upon the above, and upon all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that Petitioner Richard Blaisdell's Motion for Appointment of Counsel (Doc. No. 35) is **DENIED**.

Dated: July 24, 2001.

JONATHAN LEBEDOFF
United States Magistrate Judge