**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

**RICHARD BLAISDELL,**

Plaintiff,

v.

**RICHARD TANNER, M.D.,**

Defendant.

Civ. No. 00-1318 (JRT/JGL)

**REPORT AND RECOMMENDATION**

APPEARANCES

Richard Blaisdell, pro se
Bruce P. Candlin, Esq., on behalf of Defendant Dr. Richard Tanner.

JONATHAN LEBEDOFF, United States Magistrate Judge

The above-entitled matter is before the undersigned Magistrate Judge of District Court on Plaintiff's Motion for Temporary Restraining Order and/or Preliminary Injunction (Doc. No. 40) and Plaintiff's Motion for Summary Judgment (Doc. No. 42). Plaintiff, once a prisoner of the State of Minnesota, has filed this lawsuit based on an alleged violation of his civil rights pursuant to 42 U.S.C. § 1983. Plaintiff has been granted permission to proceed in forma pauperis in this matter. This case has been referred to the undersigned for

FILED
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD
DEPUTY CLERK

resolution of pretrial matters pursuant to 28 U.S.C. § 636 and D. Minn. LR 72.1.

## I. BACKGROUND

Plaintiff Blaisdell was originally incarcerated in Hawaii on August 30, 1990. In July 1998, Plaintiff was moved to a facility in Tennessee, where he remained until December 1998. While incarcerated in Hawaii and Tennessee, Plaintiff received the drug ANSAID, a brand name for the generic drug flurbiprofen, to help treat osteoarthritis in both knee joints. The ANSAID effectively alleviated Plaintiff's symptoms during that time.

In January 1999, Plaintiff was transferred to the Prairie Correctional Facility ("PCF") in Appleton, Minnesota. Upon arrival at PCF, Plaintiff's requests to continue receiving ANSAID were denied and Plaintiff was instead prescribed Naprosyn. Defendant, who was in charge of overseeing the PCF medication formulary, claims the decision to change Plaintiff's medication was made because ANSAID is not on the PCF formulary list. According to Defendant, the only important difference between the two drugs is that Naprosyn has a longer proven safety record than ANSAID.

Plaintiff contends that Naprosyn failed to alleviate his symptoms. While not receiving ANSAID, Plaintiff complained of constant pain and

stiffness, difficulty walking short distances without extreme pain and discomfort, and the inability to participate in recreation and exercise. In attempting to have his prescription for ANSAID filled at PCF, Plaintiff pursued all available grievance procedures.

Defendant left his employment at PCF in April 2000. The PCF's medical unit attempted again to have Plaintiff's ANSAID prescription filled, but those requests were denied. In the fall of 2000,[1] the new doctor overseeing the PCF formulary approved Plaintiff's ANSAID prescription through March 19, 2001. On March 2, 2001, Plaintiff was transferred to the Florence Correctional Facility ("FCF") in Florence, Arizona. For a time after his transfer, Plaintiff received medication that relieved his symptoms, but is now receiving a generic form of ANSAID which Plaintiff claims is ineffective. Plaintiff also states that FCF officials are denying him access to his own medical records.

In the instant motions, Plaintiff asks the Court to grant him summary judgment on his Eighth Amendment claims and to order FCF officials to provide him the proper form of ANSAID

[1] The parties dispute when Plaintiff actually began receiving ANSAID at PCF. Defendant claims it was in August 2000 while Plaintiff says he did not receive the medication until October 2000.

**A. Plaintiff's Motion For Temporary Restraining Order and/or Preliminary Injunction**

Plaintiff brings the instant motion partially because Judge Tunheim stated in an Order dated March 30, 2001 that Plaintiff was not precluded from bringing a motion for injunctive relief against FCF officials "in the event he faces a situation similar to that experienced at PCF." Plaintiff asserts that he is currently facing just such a situation.

Section 1983 actions may be brought only in the judicial district where all the defendants reside, or in which the claim arose, except as otherwise provided by law. See 28 U.S.C. § 1391. The instant claim arose in Arizona when FCF officials allegedly denied Plaintiff the appropriate medication. In addition, the Court assumes that the FCF doctors reside in Arizona. Thus, the Court finds that this motion should be brought in the District of Arizona. Accordingly, it is the Court's recommendation that Plaintiff's Motion for Temporary Restraining Order and/or Preliminary Injunction be denied.

**B. Plaintiff's Motion for Summary Judgment**

Plaintiff filed a motion for summary judgment on October 22, 2001. The pretrial schedule in this case created a dispostive motion deadline of March 15, 2001. (Doc. No. 10.) The Federal Rules provide that a pretrial

schedule "shall not be modified except upon a showing of good cause and by leave of the district judge or, when authorized by local rule, by a magistrate judge." Fed. R. Civ. P. 16(b)(6). In this case, Plaintiff has neither made a showing of good cause nor moved to amend the pretrial schedule. Therefore, it is recommended that Plaintiff's Motion for Summary Judgment be denied as untimely.

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED:**

(1) Plaintiff Richard Blaisdell's Motion for Temporary Restraining Order and Preliminary Injunction (Doc. No. 40) should be **DENIED**; and

(2) Plaintiff Richard Blaisdell's Motion for Summary Judgment (Doc. No. 42) should be **DENIED**.

Dated: January 9, 2002

JONATHAN LEBEDOFF
United States Magistrate Judge

Under D. Minn. LR 72.1(c)(2), any party may object to this Report and Recommendation by filing with the Clerk of Court and serving all parties

by Jan. 29, 2002, a writing which specifically identifies those portions of this Report to which objections are being made and the basis of those objections. A judge shall make a de novo determination of those portions to which objection is made. Failure to comply with this procedure may operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals. A party may respond to the objecting party's brief within ten days after being served with it. All briefs filed under this rule shall be limited to ten pages.